**William C. McGHEE, Appellant,**

v.

**Raymond MILLER, Sr., M.D., Chairman, Kaneaster Hodges, Hugh B. Calmers, Jacqueline Douglas, Bradley Jesson, Diane Nolan, Robert D. Pugh, Jack Williams, Hall McAdams, Guss Blass, individually and as members of the Board of Trustees of the University of Arkansas, James E. Martin, individually and as President of the University of Arkansas, and Johnny B. Johnson, Vice Chancellor for Academic Affairs for the University of Arkansas at Pine Bluff, Appellees.**

No. 82–1022.

United States Court of Appeals,
Eighth Circuit.

Submitted May 18, 1982.

Decided June 23, 1982.

Silas H. Brewer, Jr., Kaplan, Hollingsworth & Brewer, P.A., Little Rock, Ark., for appellant.

Steve Clark, Atty. Gen., Nelwyn Davis, Asst. Atty. Gen., Little Rock, Ark., and Ray Trammell, Gen. Counsel, Fayetteville, Ark., for appellees.

Before ROSS, ARNOLD and JOHN R. GIBSON, Circuit Judges.

ROSS, Circuit Judge.

William C. McGhee appeals from a judgment of the district court for the defendant on McGhee's claim that defendants terminated him from his teaching position without due process.

Plaintiff was employed by Arkansas AM&N College as an instructor for the academic year 1967–68 and he was reappointed as an instructor on an annual basis through the school year of 1971–72. On July 1, 1972, Arkansas AM&N College was merged into the University of Arkansas and became the University of Arkansas at Pine Bluff. Plaintiff was selected to participate in a federally funded graduate study program for the academic year 1972–73. Plaintiff during 1972–73 attended Southern Illinois University at Carbondale, Illinois, and his education there was funded by a grant under Title III of the Higher Education Act of 1965. Plaintiff was also approved for graduate study under the Title III program for the academic year 1973–74 and continued his studies at Southern Illinois University. The last payment received by plaintiff under the Title III program was for the period ending June 30, 1974.

In spring or early summer 1974, McGhee contacted Dr. R. C. Davis, Vice-Chancellor for Academic Affairs at the Pine Bluff campus, regarding continuing his graduate study at Southern Illinois University. In prior years, Dr. Davis had been the administrator who handled Title III grants and had recommended plaintiff's previous participation in the Title III program. In their meeting, Dr. Davis indicated to McGhee that he would be either recommended for

approval or actually approved for continued participation in the Title III program for the 1974–75 school year. Plaintiff then returned to Carbondale, Illinois.

On July 1, 1974, Dr. Johnny B. Johnson assumed the position of Vice-Chancellor of Academic Affairs and began an assessment of the availability of faculty to teach and began a review of those faculty members previously on leaves of absence. On August 2, 1974, Dr. Johnson wrote McGhee and asked to be informed whether McGhee planned to return to the Pine Bluff faculty to teach for the first semester of 1974–75. The letter also indicated that "arrangements have not been made for you to continue to study under our Faculty Development Program."

In response to the letter, McGhee called Dr. Johnson and Dr. Johnson confirmed the essence of their conversation in a letter dated August 8, 1974. The letter read as follows:

Pursuant to our recent conversation by telephone, I am reducing the essence of our conference to writing. When asked whether you would be available for a teaching assignment for the year 1974–75, you said that you would carry out your plans to enter the University of Arkansas at Fayetteville the ensuing fall. You asked a question concerning your status with UAPB since you were not returning at the end of the year for which you were granted leave. Please have Southern Illinois University to [sic] supply us with a copy of your transcript which will indicate the extent of your graduate studies while there. After your academic record has been viewed, I shall correspond with you concerning your future status with UAPB.

Plaintiff thereafter pursued his graduate studies at the University of Arkansas at Fayetteville during the 1974–75 school year and also worked as a part-time instructor at the Fayetteville campus.

Plaintiff testified that he requested that Southern Illinois send his transcript to Dr. Johnson, however, for unknown reasons the transcript was not sent. Dr. Johnson testified that had plaintiff's transcript been received within a few weeks after August 8, 1974, it may have been possible to recommend that McGhee receive a leave of absence or possibly allow him to participate in the Title III program.

Plaintiff testified that his next contact with Dr. Johnson was in January 1975. McGhee testified that he met with Dr. Johnson and learned at this meeting that his transcript had not been received and testified that Dr. Johnson would not indicate what McGhee's status was at the University. Dr. Johnson testified that he did not recall having a meeting with McGhee in January.

On July 30, 1975, plaintiff sent a copy of his Southern Illinois transcript to Dr. Johnson. McGhee talked with Dr. Johnson about his status with the University and Dr. Johnson sent the following letter to McGhee on September 23, 1975:

This letter will reduce to writing my recent statement to you concerning your employment status at the University of Arkansas at Pine Bluff.

Since you were not granted official leave from the University of Arkansas at Pine Bluff for 1974–75 and since you would not return to accept your teaching assignment for the fall semester of 1974–75, I assume your faculty status with the University of Arkansas at Pine Bluff is severed. As I said during a recent conference, if you wish to reapply for a teaching position at the University of Arkansas at Pine Bluff, you may do so through proper procedure.

The district court found that although McGhee was not eligible for tenure, he could not be terminated without receiving written notice delivered at least 12 months before the expiration of a previous year's appointment. The district court, however, found that McGhee's refusal to teach during the 1974–75 school year constituted a resignation or abandonment of his position and held that McGhee was not entitled to notice and a hearing prior to dismissal. The district court in finding McGhee had abandoned his position also relied on *Special*

*School District v. Lynch*, 242 Ark. 385, 413 S.W.2d 880 (1967) in which the plaintiff was found not to be entitled to reinstatement when she failed to follow established procedures to become reinstated following a leave of absence.

We affirm the decision of the district court denying McGhee relief because based on all the facts presented the University was not obligated to provide any additional notice to McGhee of nonreappointment for the 1975–76 year and he had no reasonable expectation of continued employment.

As the district court noted, McGhee is presumed to know that Dr. Davis did not have the authority to grant leaves of absence and that leaves could only be approved by the President and Board of Trustees. In any event, it is clear from the record that by early August 1974 McGhee knew that any reliance on Dr. Davis' previous representations was misplaced based on the communications between Dr. Johnson and himself.

We agree with the district court that McGhee was entitled under the University's handbook to notice of his nonreappointment "at least twelve months before the expiration of an appointment * * *." The University was obligated to either give notice of nonreappointment or offer reappointment for the subsequent year. In this case, the University offered McGhee a teaching position for the 1974–75 year and this offer was not accepted.

It is fairly clear from the record that the offer to teach was a surprise to McGhee, who believed he would be continuing his graduate studies for the 1974–75 year. While it is clear that it would have been inconvenient for McGhee to resume teaching, we cannot say the offer was so untimely that it would have been impossible to accept. Especially in view of McGhee's ability to rearrange his plans and enter the University of Arkansas at Fayetteville, we believe the offer was bona fide. While the University's offer was at best "late" and presents us with a close question, we believe it was in this case sufficient to comply with due process.

The letter of August 8 confirmed McGhee's refusal of the offer to teach during the 1974–75 year and indicated he did not have an approved leave of absence for 1974–75. It is clear that McGhee knew his status at the University was uncertain. Without a teaching appointment for the 1974–75 year, McGhee's only option was to seek a leave of absence. However, whether a leave would or would not be granted was wholly within the discretion of the University and McGhee had no entitlement to a leave of absence. Dr. Johnson testified that there would have been a possibility of arranging such a leave if McGhee's transcript had been received within a few weeks. After two years of graduate study supported by the University, Dr. Johnson's request for a transcript was reasonable. While the University could have been more diligent in notifying McGhee his transcript had not been received, there was no obligation that such notice be provided. Furthermore, McGhee's diligence in securing his transcript is questionable, because he testified that in January 1975 he learned his transcript had not been received and for unknown reason it did not reach Dr. Johnson until July 30, 1975.

In any event, after McGhee's refusal of an appointment for the 1974–75 year, he was left in a situation where his continued employment was subject to the discretion of the University to grant a leave of absence. For purposes of due process no additional notice was necessary for the 1975–76 year because McGhee had not been "appointed" to the faculty for the previous year of 1974–75 and he had no reasonable expectation of continued employment.

Affirmed.